IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KOKOU CHARDEY LIGHTSON, §
§
*Petitioner*, §
§
v. § CIVIL ACTION NO. H-07-2236
§
MICHAEL MUKASEY, §
§
*Respondent*. §

## MEMORANDUM OPINION AND ORDER

Petitioner Kokou Chardey Lightson, an alien in custody of Immigration and Customs Enforcement (ICE), seeks habeas relief under section 2241 for his immediate release pending deportation. Respondent filed a motion for summary judgment (Docket Entry No. 7). Petitioner responded (Docket Entry No. 9), and filed additional motions for immediate supervised release. (Docket Entries No. 12, 13, 14.)

Based on a careful review of the pleadings, motions, record, and applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES WITHOUT PREJUDICE** the petition for habeas relief.

### I. Background and Claims

The pleadings and record show that petitioner, a citizen of Togo at the time, was admitted into the United States by visitor visa for a three month stay on February 6, 2003. He overextended his stay without authorization, and in April of 2004, was ordered removed. Petitioner's appeal of the removal order was dismissed on May 26, 2005, and he filed no

further appeals.  Petitioner was taken into ICE custody on May 15, 2006.  As petitioner's return travel documents to Togo had expired, new travel documents were requested.  On May 7, 2007, the Embassy of Togo reissued petitioner's travel documents, and he was scheduled to depart the United States from Houston on June 12, 2007.  During boarding of his deportation flight on June 12, 2007, petitioner became loud and disruptive and was removed from the airplane.  On June 18, 2007, ICE received notice from the Embassy of Togo that petitioner had renounced his Togolese citizenship and could no longer return to Togo. Petitioner has remained in ICE custody since his aborted deportation of June 12, 2007.

Petitioner argues that his continued detention violates his constitutional rights.  He requests immediate release from custody and claims there is no significant likelihood of his deportation in the reasonably foreseeable future.  Respondent acknowledges that petitioner's detention has been lengthy, but argues that petitioner's own actions caused his extended detention and that he should not benefit from deportation delays and disruptions that he himself caused.

## II.  Analysis

Once an alien is ordered removed, the Immigration and Nationality Act states that the Attorney General is obligated to effect the removal within ninety days.  8 U.S.C. § 1231(a)(1)(A).  After a removal order becomes final and during the ninety day removal period, aliens must be held in custody.  *Id.*, § 1231(a)(2).  An alien may be detained beyond the ninety day period if he is inadmissible under section 1182, removable under certain

2

provisions of section 1227, or is a risk to the community or unlikely to comply with the removal order. *Id.*, § 1231(a)(6).

Both parties rely on *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the United States Supreme Court held that detention under section 1231(a)(6) may not continue indefinitely, and that six months is a presumptively reasonable period of time to secure an alien's removal from the United States. *Id.*, at 700-701. The Court stated that, "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After this six month period, and once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. *Id.* at 701. The Supreme Court emphasized that the six month presumption does not mean that every alien not removed must be released after six months. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the instant case, petitioner contends that he has been in custody well over a year, and that there is no significant likelihood of his removal in the reasonably foreseeable future because he cannot return to Togo. Respondent, however, states that the six month period of time is a presumptively reasonable period only, and is subject to rebuttal under *Zadvydas*. Respondent argues that under *Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir. 1993), petitioner's intentional conduct, which caused a delay in or prevented INS from effecting his

3

deportation, equitably tolled and extended the six month period of presumptively reasonable detention.

In *Balogun*, the Fifth Circuit held that:

[I]f it is shown that petitioner by his conduct has intentionally prevented the INS from effecting his deportation, the six month period should be equitably tolled until petitioner begins to cooperate with the INS in effecting his deportation or his obstruction no longer prevents the INS from bringing that about.

9 F.3d at 351. Thus, a petitioner is not entitled to judicial relief for deportation delay or obstruction that he himself intentionally caused. It is undisputed that in the instant case, petitioner renounced his Togolese citizenship shortly before his scheduled deportation to Togo, and that through his misconduct, was ejected from his deportation flight. Petitioner clearly and intentionally acted to prevent and obstruct his timely deportation.

Under 8 U.S.C. § 1231(a)(1)(c), the removal period is extended if the alien acts to prevent his own removal. Petitioner's own actions hampered respondent's ability to effectuate his removal, both by thwarting his removal to Togo on June 12, 2007, and by renouncing his Togolese citizenship. His deportation is obstructed until other arrangements can be made for his removal. Under the facts and record presented here, respondent is entitled to equitable tolling of the six month presumptively reasonable period of detention in order to effectuate petitioner's removal. *Balogun*; *see also Blankson v. Mukasey*, 2008 WL 122173 (5th Cir. 2008) (upholding application of *Balogun* equitable tolling where petitioner intentionally acted to prevent his removal through conflicting claims of

4

citizenship).  Nor does petitioner show this Court that there is no significant likelihood of his removal in the reasonably foreseeable future.

Respondent requests that petitioner's presumptively reasonable period of detention be extended until petitioner cooperates with respondent's efforts to deport him by seeking reinstatement of his Togolese citizenship and formally requesting the Embassy of Togo to issue new travel documents.  (Docket Entry No. 7, p. 7.)   In his letter received by the Court on February 25, 2008, petitioner asserts that his recent request for citizenship reinstatement was rejected, and that the Embassy of Togo informed him that he "can only go to Togo with [a] visa from any Togolese Embassy anywhere." (Docket Entry No. 16.)  Petitioner submits no supporting documentation or probative evidence of these efforts to cooperate or remove the obstructions to his deportation he created, and his conclusory and unverified allegations are insufficient to raise a genuine issue of material fact precluding summary judgment. Accordingly, respondent is entitled to summary judgment denying habeas relief and equitably tolling petitioner's presumptively reasonable period of detention until petitioner formally requests, and is denied, reinstatement of his Togolese citizenship, and he formally requests, and is denied, new travel documents from the Embassy of Togo.  Even then, petitioner must show that there is no significant likelihood of his removal from the United States in the reasonably foreseeable future.

### III.  Conclusion

The Court finds that, on this record, petitioner's continued detention does not violate his constitutional rights.   The motion for summary judgment (Docket Entry No. 7) is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** to petitioner's right to file a new petition if circumstances change at a later date.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this the ____ day of March, 2008.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6